IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 06–07–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| ELIAS LIME, | |
| Defendant. | |

On May 12, 2006, Defendant Elias Lime pled guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Count I) and one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count II). (*See* Doc. 20.) On September 21, 2006, Lime was sentenced to concurrent 120-month custodial terms with lifetime supervised release on both counts. (Doc. 33.) He did not appeal.[1]

On March 20, 2008, the Ninth Circuit decided *United States v. Davenport*, 519 F.3d 940 (9th Cir. 2008). *Davenport* held that possession of child pornography is a lesser included offense of receipt of child pornography. *Id.* at 945. Accordingly, judgment of conviction for both offenses violates the Fifth

---

[1] The government filed a Notice of Appeal, (Doc. 35), which it later voluntarily dismissed, (Doc. 37).

Amendment's prohibition on double jeopardy. *Id.* 947–48. Lime did not move for relief or file a habeas petition after *Davenport*. He began his terms of supervision on January 26, 2015. (*See* Doc. 39.)

In May 2020, the Ninth Circuit Court of Appeals determined in an unpublished memorandum disposition that while concurrent terms of supervision for receipt and possession imposed on revocation do not violate Double Jeopardy, one of the terms should be dismissed to mitigate the ongoing *Davenport* issue. *See United States v. Legan*, 805 F. App'x 515, 515–16 (9th Cir. 2020) (unpublished). It is therefore appropriate to terminate one of Lime's lifetime terms of supervision. *See* 18 U.S.C. § 3583(e)(1). Because this modification favors Lime, a hearing is not necessary. *See* Fed. R. Crim. P. 32.1(c)(2)(B). That said, the parties have ten days to object to the proposed modification or request a hearing.

Accordingly, IT IS ORDERED that Defendant Elias Lime's term of supervised release on Count II is terminated under 18 U.S.C. § 3583(e)(1).

IT IS FURTHER ORDERED that the parties may notice an objection or request a hearing within ten (10) days of the date of this Order.

DATED this 15th day of July, 2020.

Donald W. Molloy, District Judge
United States District Court